UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MARKEL BABAEV,
           Appellant,

    -against-

JOHN PEREIRA,
           Appellee.

-------------------------------------------------------X

NOT FOR PUBLICATION
MEMORANDUM & ORDER

07-CV-4631 (CBA)

AMON, United States District Judge:

    Appellant filed this *pro se* appeal from the Bankruptcy Court on November 6, 2007. On September 26, 2008, the Honorable Nina Gershon, United States District Judge for the Eastern District of New York, ordered appellant to serve and file a brief within 15 days of the entry of her order, pursuant to Rule 8009 of the Bankruptcy Rules. Appellant did not file a brief in response to that order. Instead, appellant filed a letter dated October 10, 2008. In the October 10, 2008 letter, appellant indicated that an appeal would be futile ("I'm not the one who is going to play this game, I will appeal and after few days trustee will appeal and around and round we go"), and suggested that "the best will be in this case is if the FBI will investigate this case." (Letter from Mark Babaev to Judge Gershon, Babaev v. Pereira, No. 07-cv-4631, (E.D.N.Y. Oct. 10, 2008).)

    The case was subsequently reassigned to the undersigned on October 22, 2008. This Court ordered appellant to show cause as to why his case should not be dismissed for failure to file a timely brief, and such response was due February 17, 2009. This Order warned appellant that "[f]ailure to file a response will result in a dismissal of this appeal." Order, Babaev v. Pereira, No. 07-cv-4631 (E.D.N.Y. Jan. 30, 2009). Appellant filed a letter, dated February 13, 2009 and addressed to Judge "Gershawn," in which he states that he "received your letter saying

that I have to reply" and expresses surprise that it was "so late." He provides no acceptable response to this Court's Order. He complains that his first lawyer "didn't know what advise [sic] she was giving me," and that the lawyers he hired "have abandoned us." (Letter of Mark Babaev to Judge Nina Gershawn [sic], <u>Babaev v. Pereira</u>, No. 07-cv-4631, (E.D.N.Y. Feb. 23, 2009).) He complains that the orders of the Bankruptcy Judge had the effect of stealing his wife's house and notes that they have already been evicted from the property.

Rule 8009 of the Federal Rules of Bankruptcy Procedure states that "[u]nless the district court . . . excuses the filing of briefs or specifies different time limits . . . [t]he appellant shall serve and file a brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007." Fed. R. Bankr. P. 8009(a). In the event the appellant fails to meet the deadline for the filing of a brief, dismissal is not required, but "the court should exercise discretion to determine whether dismissal is appropriate in the circumstances, and its decision to dismiss will be affirmed unless it has abused its discretion." <u>In re Tampa Chain Co.</u>, 835 F.2d 54, 55 (2d Cir. 1987). The district court may dismiss the appeal *sua sponte* upon a finding of "bad faith, negligence, or indifference." <u>Id.</u>; see also <u>Babcock v. Philp</u>, No. 08 Civ. 1158, 2008 WL 4948447, at *2 (E.D.N.Y. Oct. 31, 2008).

Appellant does not provide any response explaining "why his case should not be dismissed for failure to timely file a brief . . . ." Jan. 30, 2009 Order. The litany of complaints in his letter regarding Judge Craig and his lawyer at best represent conclusory allegations that in any event fail to demonstrate any reason why appellant could not timely file the required appellate brief. If appellant intended that the Court construe the document attached to his Notice of Appeal, addressed to Judge Craig and containing a request for reconsideration as his appellate

2

brief to this Court, he has been afforded ample opportunity to make that plain to the Court. Appellant's failure to file a brief after being ordered to do so by Judge Gershon, his apparent inability to justify or explain that failure after being ordered to so by this Court, and his indications that an appeal would be futile and that the matter would be best left to the FBI demonstrate an "indifference to the prosecution of this appeal." Babcock, 2008 WL 4948447, at *2.

The Court concludes from the failure to respond in any meaningful way to the January 30, 2009 Order that appellant cannot show good cause for his failure to file a brief. Accordingly, the appeal is dismissed. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
February 27, 2009

s/Hon. Carol B. Amon
Carol Bagley Amon
United States District Judge